UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIQIANG WEI,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF PHYSICS AT UNIVERSITY OF CALIFORNIA AT BERKELEY,<br><br>    Defendant. | Case No. 18-cv-00230-MEJ<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; ORDER FOR REASSIGNMENT**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On January 2, 2018, Plaintiff Liqiang Wei filed in the Northern District of Illinois a Complaint and an Application to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appl., Dkt. No. 2. The Northern District of Illinois transferred the case to this Court on January 8, 2018. *See* Text Order & Dkt. No. 3 (Order of Transfer). A district court may authorize the start of a civil action in forma pauperis if the court is satisfied that the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Plaintiff submitted the required documentation demonstrating he is unable to pay the costs of this action, and it is evident from the Application that his assets and income are insufficient to enable him to pay the fees. *See* Appl. Accordingly, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis.

Not all named parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017) ("Section 636(c)(1) also requires consent of all parties—not a subset of them—for jurisdiction to vest in the magistrate judge."). Accordingly, the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITH LEAVE TO AMEND**.

## SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

### A. Legal Standard

While the Court has granted Plaintiff's Application to Proceed In Forma Pauperis, it must also review Plaintiff's Complaint to determine whether the action may be allowed to proceed. The Court must dismiss the Complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Allegations in the Complaint

Plaintiff is "a number one theoretical physicist in the world at the present time." Attachment 2 ¶ 1, Dkt. No. 1-2. He "ha[s] made the essential and major contributions in quantum physics and quantum mechanics" and he "ha[s] the greatest and decisive achievements in quantum many-body theory and quantum statistics mechanics that are paramount to all the application fields of modern physics[.]" *Id.*

Plaintiff repeatedly applied for a professor position at the University of California, Berkeley's Department of Physics.[1] *Id.* ¶ 2. Each of his applications has been denied. *Id.*; *see* Attachment 4a at ECF pp.2-3, Dkt. No. 1-4 (March 22, 2017 email informing Plaintiff that his

---

[1] Plaintiff alludes to multiple job applications. *See* Attachment 2 ¶ 2 (repeatedly referring to "all my job applications"); *id.* (noting he attached his "most recent job application for a full professor position" dated November 14, 2016). The Complaint does not specify how many times Plaintiff applied.

"application is no longer under consideration"). Plaintiff contends that "[b]ecause of [his] academic status . . . , it is obvious that [he] must have been offered the job[.]" Attachment 2 ¶ 2. Given that Plaintiff is "extremely overqualified," the denials of his applications are due to discrimination based on Plaintiff's national origin, race, and age. *Id.* Plaintiff alleges the Department of Physics is unable to give "any good reasons" for denying his application. *Id.* ¶ 3.

Plaintiff alleges he filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") on March 13, 2017. *Id.* ¶ 5; *see also* Attachment 1, Dkt. No. 1-1 (questioning practice of requiring EEOC right-to-sue letter). A mediation was scheduled for June 13, 2017. Attachment 2 ¶ 5; Attachment 4b at ECF pp.15-16, Dkt. No. 1-5. The mediation was cancelled when the respondent elected to bypass the mediation process. Attachment 2 ¶ 5; Attachment 4b at ECF pp.8-9. On June 20, 2017, the EEOC mediator informed Plaintiff that "[t]his case has been sent to Enforcement for an Investigation." Attachment 4b at ECF p.2.

Plaintiff initiated this action on January 2, 2018. He names one Defendant, the Department of Physics at University of California, Berkeley. He asserts claims of (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; (2) race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and (3) race discrimination in violation of 42 U.S.C. § 1981. Compl. at 2. Plaintiff asks the Court to order Defendant to accept Plaintiff's job application and to promote him. *Id.* at 4 & Attachment 2 at ECF p.3. Plaintiff also seeks injunctive relief and damages. Compl. at 5.

**C. Analysis and Screening**

    1. <u>ADEA Claim</u>

        a. *Notice of Intent to Sue*

As a threshold matter, "the ADEA contains no express requirement that a federal employee complainant seek administrative relief . . . , except that an employee who wishes to file suit without pursuing administrative remedies must give the EEOC notice of intent to sue at least 30 days before filing suit." *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003) (internal quotation marks and citation omitted); *see Bullock v. Berrien*, 688 F.3d 613, 617 (9th Cir. 2012) ("As long as an aggrieved employee notifies the EEOC of her intent to file suit, she may proceed directly to

3

federal district court.").

Plaintiff alleges he filed an EEOC claim, but it is not clear whether that claim was based on age discrimination under the ADEA. Plaintiff does not attach his EEOC claim to the Complaint; however, it appears the sole basis for Plaintiff's EEOC claim was discrimination based on race or national origin. *See* Attachment 4b at ECF pp.17-18 (letter to mediator stating "it is illegal for [Defendant] to have a discriminat[ed] against my job application most likely because of my highest qualifications but merely the Chinese origin" but not mentioning age discrimination). Accordingly, the Court RECOMMENDS the District Judge dismiss Plaintiff's ADEA claim with leave to amend to allow Plaintiff to allege facts that he notified the EEOC that he intended to sue Defendant for alleged age discrimination.

          b.        *Failure to State a Claim*

The ADEA provides that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1). "A prima facie case of discriminatory failure to hire requires a showing that: (1) [the plaintiff] belongs to a protected class; (2) he was qualified for the position; (3) he was rejected despite his qualifications; and (4) the position remained open." *Millsaps v. Pinal Cty. Superior Court*, 494 F. App'x 821, 823 (9th Cir. 2012) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "A plaintiff in an ADEA case is not required to plead a prima facie case of discrimination in order to survive a motion to dismiss." *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012); *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) ("[A]n employment discrimination complaint need not include such facts and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2)).

While the Complaint does not allege any facts regarding Plaintiff's age, his biography, which he attaches to his Complaint, indicates he was born in 1963. Attachment 3 at ECF p.7; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (holding "a court may consider material which is properly submitted as part of the complaint on a motion to dismiss" (internal

4

quotation marks omitted)). Thus, at the time he applied for the position, Plaintiff was just shy of 54 years old. Plaintiff therefore sufficiently alleges that he falls within the class of individuals ADEA was intended to protect. *See* 29 U.S.C. § 631(a) (ADEA's protections are "limited to individuals who are at least 40 years of age").

But Plaintiff's allegation that Defendant declined to hire him on account of his age is unsupported and conclusory. *See* Attachment 2 at ECF p.2 ("This discrimination is also because of my national origin, race, and age as has been claimed!"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

Plaintiff need not make a prima facie showing of age discrimination at this point, but the Complaint does not provide any facts to raise his claim beyond mere speculation. For instance, an email from Defendant's Search Committee states "[t]here were a number of strong candidates applying for the position, and after much deliberation, we regret to inform you that your application is no longer under consideration." Attachment 4a at ECF pp.2-3. Plaintiff does not allege facts showing how this statement indicates Defendant's decision not to hire him was due to his age. Accordingly, the Court RECOMMENDS the District Judge dismiss Plaintiff's ADEA claim on the ground that he fails to state a claim. The Court further RECOMMENDS the District Judge grant Plaintiff leave to amend so that he can allege facts in support of his claim.

2. Title VII Claims

Title VII prohibits an employer from failing or refusing to hire any individual on account of his or her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff

5

asserts two Title VII claims, one for race discrimination and another for national origin discrimination.

### a. *Exhaustion*

"Before suing an employer for discrimination, the [EEOC] must try to remedy unlawful workplace practices through informal methods of conciliation." *Mach Mining, LLC v. E.E.O.C.*, 135 S. Ct. 1645, 1649 (2015). "Title VII of the Civil Rights Act of 1964 . . . , sets out a detailed, multi-step procedure through which the Commission enforces the statute's prohibition on employment discrimination." *Id.* Specifically, a Title VII complainant "must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice, or, if . . . the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008). "If the Commission finds no 'reasonable cause' to think that the allegation has merit, it dismisses the charge and notifies the parties." *Mach Mining*, 135 S. Ct. at 1649. Along with the notice, the complainant receives a right-to-sue letter. *Surrell*, 518 F.3d at 1104. "Once a person receives an EEOC right-to-sue letter, she has 90 days to file suit." *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)).

Plaintiff alleges he filed a complaint with the EEOC and his complaint was "sent to Enforcement for an Investigation." Compl. at 2; Attachment 4b at ECF p.2. Plaintiff does not allege any facts regarding the status of that investigation, including whether it is ongoing or, if it has been completed, the results thereof. There are also no facts showing the EEOC provided Plaintiff with a right-to-sue letter.[2] *See* Compl. at 3 (not indicating whether he has received right-to-sue notice). Because the Complaint does not contain facts alleging that Plaintiff has received a right-to-sue letter, dismissal of Plaintiff's Title VII claims is appropriate. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (finding district court properly dismissed Title VII claim where plaintiff failed to allege receipt of right-to-sue letter). At this point,

---

[2] Plaintiff takes issue with this requirement. *See* Attachment 1 (contending "the right given to [the] EEOC to give the plaintiff . . . a right to sue is illegal and is against common sense or our constitution!").

however, it is not clear Plaintiff cannot allege facts showing he exhausted his administrative remedies. Accordingly, the Court RECOMMENDS the dismissal be with leave to amend. *Id.* ("When the district court dismisses a pro se Title VII complaint on the ground that plaintiff has failed to allege the receipt of a right-to-sue letter, however, plaintiff must be granted leave to amend the pleading to cure the defect.").

    b. *Proper Defendant*

UC Berkeley's Department of Physics is also not a proper defendant to Plaintiff's Title VII claims. In a Title VII action, "the head of the department, agency, or unit, as appropriate, shall be the defendant[.]" 42 U.S.C. § 2000e-16(c). Plaintiff only names the Department of Physics as a defendant, not the head of the department or the heads of UC Berkeley generally. *See generally Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1119 (9th Cir. 2000) (naming UC Davis Board of Trustees as defendant in Title VII action); *Khoury v. Regents of Univ. of Cal.*, 693 F. App'x 606 (9th Cir. 2017) (in Title VII action, naming Regents as defendant). Dismissal is therefore appropriate on this basis as well, though leave to amend is again proper so as to allow Plaintiff an opportunity to name the correct defendant.

  3. <u>42 U.S.C. § 1981</u>

"Among the many statutes that combat racial discrimination, § 1981 . . . has a specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)) (brackets in original). The statute defines "the term 'make and enforce contracts' [to] include[] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

"[A] complaint asserting a claim for employment discrimination pursuant to 42 U.S.C. § 1981 'must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."'" *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 912 (9th Cir. 2004) (quoting *Swierkiewicz*, 534 U.S. at 508 & Fed. R. Civ. P. 8(a)(2))). "[A]ny claim brought under § 1981 . . . must initially identify an impaired 'contractual relationship,' . . . under which the plaintiff has

7

rights." *Id.*; *see id.* ("Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, . . . so long as the plaintiff has or would have rights under the . . . proposed contractual relationship."). In addition, "[§] 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's." *Domino's Pizza*, 546 U.S. at 480.[3]

While the Complaint itself does not identify Plaintiff's race or national origin, the attachments thereto indicate Plaintiff is of Chinese national origin. *See* Attachment 3 at ECF pp.7-11 (Plaintiff's biography). The Complaint does identify a contractual relationship: the would-be employment contract between Plaintiff and Defendant. Attachment 2 ¶ 2. That Plaintiff and Defendant had yet to enter into a contract does not defeat Plaintiff's claim. *See Domino's Pizza*, 546 U.S. at 476 ("[A] contractual relationship need not already exist, because § 1981 protects the would-be contractor along with those who already have made contracts.").

But like the ADEA claim, the Complaint does not contain any facts alleging that Defendant's decision not to hire Plaintiff was racially motivated or motivated by Plaintiff's Chinese national origin. Accordingly, the Court RECOMMENDS the District Judge dismiss Plaintiff's § 1981 claim, albeit with leave to amend to allow Plaintiff an opportunity to allege facts that support his assertion that Defendant's failure to hire him was motived by racial or national origin discrimination.

**CONCLUSION**

Based on the analysis above, the Court **GRANTS** the Application to Proceed In Forma Pauperis. As Plaintiff did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITH LEAVE TO AMEND**.

---

[3] The Ninth Circuit has noted the Supreme Court's "willingness to 'allow[ ] lawsuits based on conclusory allegations of discrimination to go forward,'" and held "that 'an employment discrimination plaintiff need not plead a prima facie case of discrimination[.]'" *Maduka*, 375 F.3d at 912 (quoting *Swierkiewicz*, 534 U.S. at 514-15). However, *Swierkiewicz* and *Maduka* were decided prior to *Twombly* and *Iqbal*. *But see Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (applying *Twombly/Iqbal* standard to § 1981 claim on motion to dismiss).

8

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

Plaintiff may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. There is also a Legal Help Center in Oakland, located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: January 18, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge